————o————

No. 5723-5724.

## JAMES BROWN vs. MISS CARRIE S. FRERET.

### Syllabus.

1. If the defendant though present in the Parish, yet suffer the judgment to be executed without opposing the same, he cannot thereafter be heard to question its validity.

2. Where it is discovered at the moment of the sale that the true dimensions of the property seized are less than those mentioned in the advertisement, the property may be adjudicated according to the correct dimensions.

Appeal from the Civil District Court, for the Parish of Orleans, Division "D," No. 100,057. Hon Porter Parker, Judge.

Dinkelspiel, Hart & Davey, for plaintiff and appellant.

B. W. Henry, for defendant and appellee.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court as follows:

These appeals are from rules taken on the adjudicatees at a sheriff's sale to require them to accept title to

— 150 —

the property sold. Their objections are based on alleged irregularities in the judgment and in the execution based thereon.

Briefly stated the circumstances are as follows: Defendant mortgaged the property by authentic act in the usual form, that is to say the debt was acknowledged and the mortgagor stipulated that if not paid it would be lawful for the creditors to seize and sell the property to satisfy the same.

Instead of proceeding by the usual executory process, plaintiff presented his mortgage to the District Judge and obtained a judgment as **pro confesso** against defendant; and thereupon the property was seized under a writ of **fieri facias** issued by virtue of said judgment.

The defendant was then notified of the seizure, and pending the delay for advertising was further notified to appoint an appraiser.

But notwithstanding these notices, both of which were served upon her personally and within the Parish, she took no steps whatever to complain of the judgment or stop its execution, but on the contrary permitted the sheriff to take actual possession of the property, collect the revenues thereof and proceed with the sale, without the slightest protest on her part even to this day.

Whatever then might be thought of the validity of the judgment thus obtained had defendant sought to challenge it, instead of acquiescing therein as she has done, it is quite certain that bidders at the sheriff's sale have no reason to fear any attack thereon by defendant.

For Article 612 of the Code of Practice seems intended to meet just such cases as this. It reads as follows:

"Article 612: The nullity of a judgment rendered against a party without his having been cited, or by an incompetent Judge even if all the formalities of law have been observed, may be demanded at any

— 151 —

time unless the defendant were present in the Parish and yet suffered the judgment to be executed without opposing same."

And this article has several times been referred to by the Supreme Court, and applied to confirm and uphold sales made by virtue of proceedings had under judgments the validity or regularity of which appeared questionable.

> See, Cane vs. Sewall, 34 An., 1096; Stackhouse vs. Zuntz, 41 An., 415, 425; Sucession of Corrigan, 42 An., 65, 69; Parsons vs. Henry, 43 An., 307.

It is further objected by one of the parties that the property adjudicated to him was advertised as having a frontage of 60 feet, but at the moment of sale it was announced that the true frontage was only 40 feet, and it was thus adjudicated. The explanation given by the sheriff is that although mortgaged as having 60 feet and advertised accordingly, the property had in fact only 40 feet front; which fact he discovered only at the moment of the sale.

We see nothing irregular about this, and nothing of which anyone could complain since no one was injured. It was unavoidable and therefore permissible.

> See, Lossee vs. De Lacy, 23 An., 287; Clay vs. Obrien, 24 An., 234.

We think that the adjudicatees may safely take the titles herein tendered them.

The judgments appealed from are therefore reversed, and it is now ordered that the rules herein taken on Garland Wolff and Burt Henry be made absolute and that they be condemned to complete the adjudications to them respectively made by accepting title and paying to the sheriff the amount of their respective bids with legal in-

terest from date of adjudication; and that defendants pay all costs of both Courts.

Reversed.

Opinion and decree, April 21st, 1913.

Rehearing refused, May 19th, 1913.